Good morning, your honors. Doug Keller on behalf of Mr. Figueroa. This case presents a very narrow question concerning Texas state law and jury unanimity. Specifically, whether the aggravating circumstances at issue are alternative elements on one hand or the alternative means to fulfill one indivisible element. According to the government, there are alternative elements. That is, even if every juror agrees the defendant committed sexual assault, and even if every juror agrees at least one aggravating circumstance is present, that jury still cannot convict the defendant unless they all happen to agree on the specific aggravating circumstance. And I think that position is contrary to essentially every Texas state case the parties have cited that actually address meanfully the question of like De Leon, that's cases like Vic. All those cases set out the basic idea that the sexual assault part of the statute is alternative elements, and that's the core conduct prohibited by the statute. And as long as the jurors agree each that at least one of the aggravating circumstances are present, then the defendant is guilty of aggravated sexual assault. The government has tried to distinguish, I think, my strongest cases establishing that second part of the statute is divisible by claiming that those cases just dealt with a part or a subset of the aggravating circumstances. But I suggest when you look at those cases, nothing about the reasoning of those cases is limited to the particular aggravated circumstances at issue in those cases. All those cases more or less say the same thing, which is what I just said. The first part of the statute is the core conduct. The second part is just the aggravating factor that increases the severity of the offense. So the government's really, I think, left with a series of quotations from cases where a Texas court has used the label element in reference to a particular aggravating circumstance. But that's just not the Mathis-based inquiry this court is supposed to do. And I think the Fifth Circuit's en banc decision, Herald, is really strong in making this point really clear, which is that the Mathis inquiry is not a matter of flipping through that third or the Texas version of it and finding when the Texas state case is used or elements describe part of the statute. Instead, it's a substantive test that asks about jury unanimity. And so I think when the court does that analysis, this becomes a pretty easy case, because all the cases that do that meaningful analysis all point in the same direction. I think other than the Texas state cases the government cites, it also cites to an unpublished Fifth Circuit case from over a decade ago. And that case reflected what the law was at the time pre-Mathis, which was you didn't do this complicated, somewhat complicated, jury unanimity analysis. But instead, you could just look at a statute and say it was, quote unquote, divisible. But that case is inconsistent with Mathis. It's inconsistent with the comp. And I think the Fifth Circuit's recognized that in a series of cases when it's overruled all those prior precedents. And this court has, frankly, done something sort of similar. It's had to go back and revisit a lot of questions. So I think under Mathis, this is a pretty straightforward case. So with that, I'm happy to take any other questions, but I'm also happy to reserve the rest of my time if the panel doesn't have questions for me. Well, I think it's a very close case. Because it seems that there's nothing definitive from Texas that points to whether the aggrandizing factors are means versus elements. Am I wrong on that? Can you point me to any Texas case that actually has decided this? Sure. I think the cases that are, I think, answer the question are cases like DeBlanco and Moreno and DeLeon. And those cases, and this is, I think, where the government distinguishes them, but those cases dealt with a different set of aggravating circumstances than the same statute. And so I suppose they're different in that way. But we look at the reasoning of those cases, nothing about the reasoning of those cases would suggest they should be aggravated. So it's absolutely correct. There's no case that talks about this very particular aggravating circumstance, but I think there's other cases talk about the other ones. And I don't know that it would even make sense to say some aggravating circumstances are alternative elements and some alternative means. But ultimately, I think the analysis of those cases all point in the same direction. So I think that's really my best case. And that's why I think... Is Texas using the Texas 8th grade test to get to the gravamen of the Criminal Act? So, two points. There's two different tests Texas uses, the core conduct test and there's this 8th grade grammar test. The 8th grade grammar test, frankly, is super confusing, and I don't know how the Texas courts actually apply it. But I'll say this, the case that does apply that test to almost identical statute is the Texas aggravated assault statute. And I think when you just sort of map on that case to this one, it's another indication that the first part of the statute, because it has all the right verbs and direct objects that Texas law requires, that part is the core of the case, the core of the statute, and sets out the, I think, what Texas calls the gravamen of the offense. So whatever's left after you do that, this verb, direct object test is the rest of the statute, which is the aggravating circumstances. And so in Langdon, they said that meant that the stuff that elevates a crime from simple assault to aggravated assault are alternative means. And I think applying that same analysis to this statute results in the exact identical conclusion. You could also use the core conduct test, which I think is a little more intuitive, and that's the courts have used for Texas aggravated sexual assault statute. And that one, I think, is pretty easy as well. The basic idea is the first part of the statute, the sexual assault is sort of the core of the statute. So whatever's left over, those are just alternative means to fulfill one remaining element. So I know I didn't exactly answer your question, but that's sort of the best I can do with that confusing test. But I think sort of this court doesn't have to, as a matter of first impression, apply the test. I think you can just sort of, by analogy, see how it applies in another case and apply it here. And so the only other thought I'll add is that I think all these cases I'm talking about, the jury and immunity cases, they really do all point in the same direction. And so nowhere in the government's brief does it really do the analysis required to answer the jury and immunity question. So. All right. Thank you, counsel. You can reserve the rest of your time. Thank you, Your Honor. Good morning, Your Honors. Mark Rahe for the United States. The central question, good morning, in Mathis, Mathis says it 100 times, we need to know what are elements as opposed to what are irrelevant facts. Here, for over 30 years, Texas state courts have held that where the only aggravating circumstance charged is the age under 14, that it's an element of the offense. And my opponent makes a good point that this is not just supposed to be about labels. But let me assure you, our analysis is not just about labels. I know I cited a lot of cases, again, for over 30 years, where Texas state courts have said this is an element. I'll just point three in particular, Reed versus State, Cedillo and Daniel. Each of those state cases dealt with the question, a challenge to the sufficiency of the evidence, jury instruction error, and what's a lesser included offense of aggravated assault. And I would submit to this court that in order to answer one of those, let alone all three, a court needs to know exactly what the elements are. If something's an irrelevant fact, it doesn't need to be fact. It's not the metric against which a sufficiency challenge is based. So the government would submit that the cases that we have adduced, this is not just an aesthetic on the face analysis. This is actually talking about what's an element. At page 15 of his reply brief, my opponent concedes that on this case, where the only aggravating circumstance charge was victim under age, that we know that it had to be found beyond a reasonable doubt, and that there had to be juror unanimity. So when one looks again to math this, Justice Kagan said, you know, what are some of the policy reasons we have this rule? And two of them I want to point out in particular. One, she said, well, imagine a conviction from 10 odd years ago like this, where something is just a means, a manner. It's something that the defendant doesn't have any incentive to dispute. We know as a matter of state law, that in this case, when this defendant incurred this conviction, he knew from 30 years of Texas state law, this is an element. So by pleading guilty, he admitted that. He had every incentive to want to dispute that. And another policy reason, the math is said, is that judges constrain the Sixth Amendment concerns if they make findings at sentencings that increase sentences, and those facts weren't found by a jury or admitted by the defendant. Again, here, as a matter of state, Texas state law, we know that this was an element that had to be proved beyond a reasonable doubt. Now, I believe my point is something, this is an odd statute. I'm just wondering if some of the phrases or clauses from the second part of the statute are means while others are elements. I mean, could that be the case? Because in some, under A, it says, it uses the word by, acts or words, by, you know, different phrases like that, which the victim is younger than 14 years of age. Or is it possible that the divisibility is between A and B and C, not within A? I'm just trying to figure out how to read the statute within the framework of mathis. Well, my understanding, I mean, when the statute is broken down into separate parts, there is no reason why one part can't be divisible and the other part can't. And again, I think mathis says, so long as the combination of things used in a particular case are elements, i.e., they have to be proven beyond a reasonable doubt and admitted by a defendant or, you know, found by a jury beyond a reasonable doubt that they can then count. And you know, mathis also makes the point clear that states give us different ways to determine what's an element and what's an irrelevant fact. Sometimes it's a jury instruction, sometimes it's a state case. Here, we know, my opponent cites a case called Jacobs, there's another one called Geick v. State, where when a state, or in Texas, when a prosecutor chooses one of a list of options, that then becomes an element that has to be proven. And also to your question, Judge Wardlaw, you know, Moreno, I think that's one of the chief authorities upon which my opponent relies, that is under the current subsection F of the statute, which is called super aggravated assault. And I think one of the textual reasons why they found the A2A six enumerated factors to be manners is because the statute itself uses that language. It says, you know, subsection F, the 25 or 20-year mandatory minimum penalty, if the victim is under 14 and the offense was committed by any of the means specified in that sub one. Well, that's just that sub one. And even in that case, Moreno, we know that the jury still had to be unanimous as to victim underage. That intermediate state court said, you know what, they don't have to be unanimous as to the six ways to commit the crime violently under the first subsection, but they did all have to find that the victim is 14. So, you know, again, yeah, it's somewhat an unusual situation, but Mathis says, we looked at state law, Texas is just, they're unique that way. You know, if 30 years again, these weren't courts just saying in passing, oh, we think this might be an element. No, they saying it's an element. They're repeatedly saying it in the context of challenges where that matters, sufficiency, jury instructions. And one other point I want to bring up, Judge Wardlaw, because, you know, you opened your remarks by saying it's a close case. I know my opponent in his brief, he thinks that, you know, or he's making the position that if there's any uncertainty, or if it's close, that the tie should basically go to the runner. His client should win. We would dispute that for the following reason. He cites Mathis for that. Mathis is a criminal sentence enhancement case. It's a ACA case. There's no doubt it's black letter law that the government always has the burden of proving and enhancing fact, aggravating fact, it's sentencing. So therefore, if there's any question, it's held against the government in that context. This is a collateral attack. Even though we are here in a criminal case, this is a civil immigration issue under AUSC 1326D. That statute in no uncertain terms puts the burden of proof on the defendant. And there's a good reason why, because, you know, he incurred this removal in 2013. He then makes a couple of attempts at self-help. After Descomp, after Mathis, he could have remained in his home country, made a motion to reopen, but no, he went for self-help. We are here where we are. But that's why this court in cases like United States versus Vidal-Mendoza says, we don't look at deportations on collateral review, the same way we do on direct review. So that's a point I feel it should be very, I definitely want to make sure that the panel has that from the government, because this is not a situation, if there's any uncertainty, the defendant had the burden of proof, and we would respectfully submit that he has not met that. Kim, someone has been lingering in my mind. What do we do with the fact that the judgment of conviction doesn't reference the statute at all? I think that's okay. And I know maybe it's a case called Cabrera-Perez. I know I cited it in my brief. It basically says where a judgment, and if it tracks the language, you can infer the various subsites. And so, again, the only aggravated circumstance that's charged in the indictment, and that's an excerpt of record 34, is victim under 14 years of age. So, you know, we would submit that the judgment is proof of that. And also, I would point out the judgments on excerpt of record 37, somewhere towards the bottom, it says sex offender registration requirements apply to defendant, and it has the age of the victim is 12 years. That's only something that would happen if it was the B aggravating fact of victim under age. And so we say that's actually more proof that that is the right subsection. And unless there are further questions, the government would submit, Your Honor. All right. Thank you, Mr. Bragg. Mr. Keller? Yes, thank you, Your Honor. Just a few quick points. The government's argument that you can look at these cases and just label the aggravating circumstance an element, if that were a valid form of analysis, it's inconsistent with the government's own position that at least some of these aggravating circumstances are alternative means because Texas courts, when only one of them is charged, also label those elements in the context of particular cases. What's really happening in those cases is just because only one alternative factual means was charged, it's on nobody's radar whether they're actually constitute alternative elements or whether they're actually one factual means to fulfill one unified element. It's just not, that's not what the court is addressing at all. That's literally none of those cases talk about jury unanimity and whether the jurors would have been required to find that element, sorry, that subsection if more than one was charged. And that's what Mathis requires. So, I don't think any of those cases are consistent with the idea that the aggravating and circumstantive issue is an alternative element when you actually do the jury unanimity analysis. Second, regarding the government's point about Mathis somehow applying differently in the immigration context, I don't know of any case that's ever held that from any court. It's true that we carry a burden, but we've met that burden once we established the statute was overly broad. Now, the government's the one who's trying to take, is taking the backup position that, well, yes, it's overly broad, but we still win under the modified categorical approach. And purpose of modified categorical approach, at that point, they are the ones who have to establish the statute is in fact divisible. So, I think the tiebreaker announced in Mathis would still apply in this case. It wouldn't suggest that Mr. Figueroa wins. But ultimately, I just think that the cases that actually address the Mathis inquiry all point in my direction. And I would just refer this court to the Fifth Circuit's Longbaum case in Herald where the government essentially made the same argument they're making here, which is this argument by label. And I think when you look at what the Fifth Circuit did there, they really, that's not the inquiry. The inquiry is a question of jury unanimity, and they need to find state cases that address that issue. So, if the panel has no further questions, I'm happy to submit. Thank you very much, counsel. U.S. v. Figueroa Vargas is submitted. And we have previously submitted NOAA's AHRQ processors v. CMDG advisors. And so, we will take up LSCC v. Wilco Life Insurance.
judges: Wardlaw, Choe-Groves, Vandyke